IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

Leigh A. Lewis,

Plaintiff,

v. 2:21cv157-BSM

HELENA WEST HELENA SCHOOL DISTRICT,
Acting by and through the HELENA-WEST HELENA
SCHOOL BOARD OF DIRECTORS; HELENA-
WEST HELENA SCHOOL BOARD MEMBERS
LOISTYNE BURRELL, SANETTA DAVIS, SANDRA VALLEY
BAGLEY, EARNEST SIMPSON, JR., DANIEL STRICKLAND,
JANICE WILLIAMS AND TROY BOBO, individually
And in their official capacity.

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

Defendants.

## COMPLAINT

COMES NOW Leigh A. Lewis by and through her attorneys, J. F. VALLEY, ESQ., P.A., and for her Complaint states

### PARTIES

1. Leigh A. Lewis is a resident and citizen of Lee County, Arkansas. Leigh A. Lewis is an African American female.

2. That the Helena West Helena School District is a school district authorized to operate local schools in and around Phillips County, Arkansas and is a self-sustaining body able to sue and be sued.

3. Sanetta Davis is a citizen of the United States and a resident of Phillips County, Arkansas. She is a member of the Helena-West Helena School Board of Directors.

4. Loistyne Burrell is a citizen of the United States and a resident of Phillips County, Arkansas. She is a member of the Helena-West Helena School Board of Directors.

5. Janice Williams is a citizen of the United States and a resident of Phillips County, Arkansas. She is a member of the Helena-West Helena School Board of Directors.

6. Daniel Strickland is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

7. Troy Bobo is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

8. Sandra Valley Bagley is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

9. Earnest Simpson, Jr., is a citizen of the United States and a resident of Phillips County, Arkansas. He is a member of the Helena-West Helena School Board of Directors.

## VENUE

10. That venue is appropriate in the Delta Division of this court as all of the actions alleged in this Complaint grow out of matters occurring within Phillips County, Arkansas and all of the parties are residents of Phillips County, Arkansas.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b).

## JURISDICTION

12. That Leigh A. Lewis invokes all of the federal laws touching on and impacting *age, sexual and racial discrimination* in support of this claim, including but not limited to 42 U.S.C § 1981(for violation of civil rights based on race), 42 U.S.C. § 1983 (for the infringement of constitutional rights to equal protection), 42 U.S.C. § 1985(3) (for conspiring to violate those constitutional rights), Title VII of the Civil Rights Acts of 1964, as codified in 42 U.S.C. § 2000e *et seq*. The Complaint also contains a state law cause of action based on the Arkansas Civil Rights Act. of 1993, Ark. Code Ann. § 16-123-101 *et seq*. This complaint seeks redress for the unlawful retaliatory acts by the defendants against the plaintiff growing out of her making necessary contact with the Arkansas Department of Education for improper and illegal actions being taken by the district and its employees. Finally, the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

13. That Leigh A. Lewis made a claim with the U.S. Equal Employment Opportunity Commission (EEOC) and was issued a right to sue letter on Friday, September 3, 2021 and provided 90 days to file or institute suit in this matter from that date. The 90 days from the right to sue letter, a copy of which is attached hereto as Exhibit A, will expire on Thursday, December 2, 2021. Therefore, her suit is timely if filed on or before Thursday, December 2, 2021.

14. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 and Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*

## FACTUAL BACKGROUND

15. Helena-West Helena School District ("School District") exercises certain governmental powers through the Helena-West Helena School Board ("School Board"). The School Board is comprised of seven members. Each school Board member is being sued in his or her individual and official capacity.

16. The named School Board members are duly elected members of the School Board of the School District acting under color of statutes, ordinances, customs and usage of the State of Arkansas and School District.

17. The School District has a history of discrimination against African-American employees.

18. That Leigh A. Lewis was hired in January 2003 as the accounts payable/bookkeeper for the district.

19. That the last position held by Leigh A. Lewis was General Business Manager/Bookkeeper.

20. That a white male, Randy Rotondo, was hired as the Chief Financial Officer on January 15, 2019.

21. That I was required to train Mr. Rotondo as he knew nothing of the position he was about to take. Mr. Rotondo quit after just a few months on the job and several major deadlines missed.

22. That while Mr. Rotondo was working, he was granted favorable consideration by the defendants in paying him over and above the salary schedule without using the appropriate protocol for changing the rate of pay.
23. After Mr. Rotondo left, the district contracted with a white female consultant at a rate of $1,000.00 per day. Her name was Dr. Holly Cothren. She was also paid $100 per hour when she worked remotely.
24. We had a finance meeting with Ms. Saliha Qazi, Finance Program Coordinator and Support, Division of Elementary and Secondary Education, Fiscal Services and Support of the Arkansas Department of Education in July 2020 using Zoom Video Conference. Ms. Qazi was very rude and condescending during this session.
25. Later, I was given a new job description in October 2020. On October 27, 2020, I wrote an email to Ms. Saliha Qazi, as directed by Superintendent Linda English. I copied Superintendent English, Ms. Adrian Watkins and Ms. Cynthia Smith on the email. Mrs. English, Ms. Qazi and Ms. Smith each responded to the email.
26. This is the final event in the list of retaliatory steps made by the district was to place on administrative leave by the school district on November 2, 2020. These events had begun with my July 12, 2020 letter to the state department of education expressing my grave concerns about wrongs occurring within the district. I followed up on that communication with a supplement to Mr. Johnny Key, Commissioner of Education after a July

30, 2020 meeting with Ms. Cynthia Smith and ms. Saliha Qazi who were the host of the Zoom VideoConference meeting.

27. I was replaced by a person much younger than me.

28. I have filed grievances in an effort to be heard by the board of directors.

29. I was told that I was placed on administrative leave for struggling to complete assigned duties, job performance that affected the educational goals of the district and for repeated violations of directives/policies over the past several months or years among other reasons give.

30. That the district was not being truthful and the reasons offered were a pretext for the defendants real motivation which was age, race, sexual discrimination and retaliation for Ms. Leigh A. Lewis's interactions with the Arkansas Department of Education including its commissioner, Mr. Johnny Key.

31. None of the board members participating in that decision were white. All were black or African American who made decisions out of concern for what white people would think.

32. All board members involved in that decision were black. Ms. Lewis then filed a claim with the Equal Employment Opportunity Commission and was issued a right to sue letter.

33. A motivating reason for the School Board's action was that Ms. Lewis was a black woman or African American woman. The decision was also retaliatory as described above.

34. As a result of the intentional discrimination, Ms. Leigh Lewis has suffered mental distress, anxiety, and mental anguish.

35. Ms. Lewis filed a timely charge of discrimination with the Equal Employment Opportunity Commission. A copy of the charge of discrimination is attached to this complaint as Exhibit A.

## COUNT 1 – VIOLATION OF EQUAL PROTECTION PURSUANT TO 42 U.S.C. § 1983

36. Plaintiff realleges paragraphs 1-35 above as if restated word for word and line by line.

37. The action of the School Board violated plaintiff's constitutional right to Equal Protection guaranteed by the Fourteenth Amendment to the U. S. Constitution.

38. The School Board took an intentional action that was motivated by race against the plaintiff, Leigh Lewis, was required to work as General Business Manager/Bookkeeper while having the same duties as the Chief Financial Officer (CFO). The CFO was paid $83,158.00. The CFO was Randy Rotondo. He was a non-African-American male.

39. There was a controversy over the salary of Randy Rotondo and the salary of Ms. Carla Jett. The CFO position was a classified position. However, the superintendent paid Mr. Rotondo based upon years of experience akin to a certified staff position. This boosted his salary even though it was denied by the PPC. The defendants paid Mr. Rotondo in spite of the decision by the PPC. Ms. Carla Jett was given a title of data entry executive secretary. She was paid a higher salary. Carla Jett was moved from Special Education department and a board member's sister was given her old position. Ms. Jett's salary was not approved by the PPC. The board approved Ms. Jett

and Mr. Rotondo at the same time. The board approved three (3) positions: one for Jett, one for Eaton and one for Rotondo. However, Eaton was on the salary schedule and was therefore her approval was consistent with district policies and procedures in place at the time. Rotondo's and Jett's positions were never approved by the PPC.

40. That the School Board intentionally pursued a racially motivated course of action whereby non-African Americans were the preferred class and African Americans were burdened solely as a result of their race. This course of action was pursued intentionally, with knowledge of its unlawfulness, with malice and with willful disregard of the statutory and constitutional rights of the plaintiff.

41. Through its unlawful and unconstitutional action, the School board caused damages to plaintiff, Leigh A. Lewis.

42. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages as more particularly described below.

## COUNT 2-VIOLATION OF 42 U.S.C. § 1981

43. Plaintiff realleges paragraphs 1-42 above as if restated line by line and word for word.

44. The action of the School Board violated the plaintiff's federal rights pursuant to 42 U.S.C.§ 1981 to be free from intentional discrimination in employment as a result of race. The School Board acted intentionally, with knowledge of the unlawfulness of its action, with malice, and with willful disregard of the statutory rights of plaintiff.

45. Through its unlawful and unconstitutional action, the School board caused proximate damage to plaintiff.

46. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages as more particularly described below.

### COUNT 3 – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47. Plaintiff realleges paragraphs 1-46 above as if restated line by line and word for word.

48. The School Board gave the position of Chief Financial Officer to Mr. Rotondo and not Ms. Leigh A. Lewis, plaintiff, because Ms. Lewis was African-American rather than non-African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

49. The School Board acted intentionally, with knowledge of the unlawfulness of its action, with malice, and with willful disregard of the statutory rights of the plaintiff.

50. For this violation, plaintiff seeks back pay, reinstatement (or granting of the position) or front pay, compensatory damages, and punitive damages.

### COUNT 4 – VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT OF 1993

51. Plaintiff realleges paragraphs 1-50 above as if restated line by line and word for word.

52. The action of the School Board violated plaintiff's right under Ark. Code Ann. § 16-123-101 *et seq*. to be free from intentional discrimination in employment as a result of race. The School Board acted intentionally, with

knowledge of the unlawfulness of its action, with malice, and with willful disregard for the statutory rights of the plaintiff.

53. Through its unlawful and unconstitutional actions, the School Board caused proximate damages to the plaintiff.

54. For this violation, plaintiff seeks injunctive relief, compensatory damages, and punitive damages.

## COUNT 5 – VIOLATION OF THE

## FAIR LABOR STANDARDS ACT

55. Plaintiff realleges paragraphs 1-54 above as if restated line by line and word for word.

56. This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendant's violations of federal laws by failing to adequately compensate Plaintiff for the hours she worked, failing to provide required break periods, and to secure declaratory and punitive damages to remedy Defendant's commission of unlawful retaliation for Plaintiff's assertion of her protected rights under federal and state employment laws.

57. That the plaintiff worked for the Helena-West Helena School District as the General Business Manager/Bookkeeper for more than ten years. During the tenure of Suzanne McCommon as superintendent, Plaintiff was named to this position.

58. That through changes in administrations, the Plaintiff's duties and assignments were changed. However, the Plaintiff did not actually supervise employees. Her position was not exempt. Therefore, she was and

is entitled to overtime compensation for hours worked above 40 hours per week.

59. Plaintiff worked at the 305 Valley Drive, Helena, Arkansas, which is the school administration office building.

60. That over the last three years, Plaintiff worked numerous hours of uncompensated overtime. The plaintiff was neither paid nor provided with compensatory time in lieu of over time pay.

61. That the Plaintiff and others were deprived of their proper 15 minute breaks as required by law. The deprivation was at the insistence of the superintendent and the board of directors.

62. The district finally relented on the breaks in April of 2019 and began permitting the breaks and to pay overtime. However, there was no compensation for the period before April of 2019.

63. Therefore, the district owes Plaintiff uncompensated overtime and break time for the five year period between April 2014 and April 2019.

## COUNT 6– VIOLATION OF THE

## ARKANSAS CONSTITUTIONAL PROHIBITION AGAINST

## ILLEGAL EXACTIONS

64. Plaintiff realleges paragraphs 1-63 above as if restated line by line and word for word.

65. Any citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever. See AR CONST ART 16

§13 (Lexis/Nexis 2021). See also, ARK. CODE ANN. § 6-17-2301 et. Seq. (Lexis/Nexis 2021)

66. That the pay increases awarded to Randy Rotondo and Carla Jett were not approved by the classified PPC, which is required by law, and therefore the payments made to them were not properly authorized and constitute an illegal exaction and said monies should be restored to the taxpayers.

## COUNT 7– VIOLATION OF THE
## ARKANSAS WHISTLE-BLOWER ACT

67. Plaintiff realleges paragraphs 1-66 above as if restated line by line and word for word.

68. The Plaintiff in her communications with the State Department of Education, Commissioner Johnny Key and others, reported the existence of waste of public funds, property, manpower or violations of law and is therefore protected by the Arkansas Whistle-Blower Act of 1999.

69. The violations was continuing throughout Ms. Leigh Lewis's tenure with the district and did not cease until on or about June 30, 2021.

70. That on June 30, 2021, the district fired or forced the plaintiff out of her position and into retirement because of her communications with the state department of education.

71. That the plaintiff's communications were shared with the district superintendent.

72. That the plaintiff's communications were in good faith and seeking to preserve the status of the district rather than risk waste or a possible state takeover.

73. That plaintiff is entitled to her actual damages, injunctive relief and attorney's fees. Her actual damages will include fringe benefits, retirement service credit, compensation for lost wages, benefits and any other remuneration, reasonable court costs and attorney's fees.

## CONCLUSION AND PRAYER FOR RELIEF

74. Plaintiff requests that he be awarded:

    a. Declaratory judgment pursuant to 28 U.S.C. § 2201 that the defendants have deprived him of rights protected by 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964;

    b. Compensatory damages for his lost wages, mental and emotional distress, back pay, and fringe benefits;

    c. Injunctive relief in the form of instatement and front pay;

    d. Punitive damages for the defendants' willful misconduct; and

    e. Costs, including prejudgment interest, and attorneys' fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(K).

    f. Plaintiff Demands a Trial by jury.

Respectfully submitted,

Leigh A. Lewis, Plaintiff

J. F. Valley, Attorney
Arkansas Bar No.: 96052
J. F. Valley, Esquire PA
Post Office Box 451
423 Rightor Street
Helena, AR 72342
870-619-1750 telephone
870-619-1760 fax
james@jamesfvalley.com email

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Leigh A. Lewis**
**411 Center Street**
**Marianna, AR 72360**

From: **Little Rock Area Office**
**820 Louisiana**
**Suite 200**
**Little Rock, AR 72201**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2021-01489 | **Rodney E. Phillips,** Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)* 9/3/2021

Enclosures(s)

**William A. Cash, Jr.,**
**Area Office Director**

*(Date Issued)*

cc: **Laura Strickland**
**Deputy Superintendent**
**HELENA-WEST HELENA SCHOOL DISTRICT**
**305 Valley Drive**
**Helena, AR 72342**

EXHIBIT A

 

Welcome, Leigh  Log Out

Filing with EEOC

# My Charge

**EEOC Number:** 493-2021-01489

**Status:** Charge was Dismissed with no further investigation

The charge of employment discrimination filed on **08/30/2021** with the U.S. Equal Employment Opportunity Commission (EEOC) by **Leigh Lewis** against **HELENA WEST HELENA SCHOOL DIST** is available for you to view online

**Notice of Right to Sue - Important Time Limit**

If you choose to file a lawsuit against the respondent(s) named in your charge, you must file a complaint in court **within 90 days of the date you received the Notice of Right to Sue.** If you fail to file within the 90 day period, your right to sue on the charge will be lost and cannot be restored by EEOC. For more information about this time limit and filing a lawsuit, refer to the enclosure that was provided with your Closure Notice/NRTS.

# My Documents

If you have documents supporting your charge, please upload them using this portal. Documents that you send and any that EEOC may send to you (including your Charge of Discrimination and the respondent's Position Statement, if you request a copy) are listed below. You can open a document to review it or download and save it.

**Be sure you save all documents related to your charge, including Email correspondence.** Your charge and documents related to it will be available to you online until 90 days after EEOC closes it.

Click using this portal to upload documents.

Upload

| | | | |
|---|---|---|---|
| 493-2021-01489Lewis161.pdf | Closure Notice/NRTS | 09/03/2021 | Vikki Hudge |
| Signed Charge of Discrimination | Charge of Discrimination | 08/30/2021 | Charging Pa |
| OnlineInquiry_Report_493-2021-01489.pdf | CP Online Assessment, Inquiry & Supplemental Information | 08/30/2021 | Vikki Hudge |

# Additional Information

**EXHIBIT A**